**COVINGTON**

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Kendall Burchard

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5131
kburchard@cov.com

By CM/ECF E-Filing                                                                                                                            July 7, 2025

Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

> **Re: Response to July 3, 2025 Citation of Supplemental Authority in *Watkins v. Mohan*, No. 24-1151**
> **Oral Argument Held – November 8, 2024**

Dear Office of the Clerk:

Plaintiff-Appellant Jordan Watkins writes in response to Defendants-Appellees' submission of *Goldey v. Fields*, No. 24-809, 2025 WL 1787625, 606 U.S. ___ (June 30, 2025). *Goldey* is irrelevant because Mr. Watkins's Eighth Amendment deliberate medical-indifference claims arise within an existing *Bivens* context.[1]

In *Goldey*, the Supreme Court summarily reversed the Fourth Circuit's extension of *Bivens* to Eighth Amendment excessive force claims. 2025 WL 1787625, at *2. As the Supreme Court explained, applying *Bivens* to an Eighth Amendment excessive force claim presented a "new context," and there were "special factors" that counseled against recognizing an implied *Bivens* remedy. *Id.* But the Court reaffirmed the continued availability of a *Bivens* remedy where a claim arises within an existing context, such as Eighth Amendment deliberate medical-indifference claims. *Id.* at *1 (citing, *e.g.*, *Carlson v. Green*, 446 U.S. 14 (1980)).

*Goldey*'s discussion of "special factors" is irrelevant because Mr. Watkins's Eighth Amendment deliberate-medical indifference claims arise within an existing *Bivens* context. *See* Watkins Br. 20–27 (discussing *Carlson*); Watkins Reply Br. 3–18 (same). Indeed, consistent with the Supreme Court's two-step framework, 2025 WL 1787625 at *1–2, this Court has repeatedly recognized that courts need not proceed to the "special factors" analysis when claims arise within an existing *Bivens* context. *See, e.g.*, *Brooks v.*

---

[1] Defendants-Appellees claim Mr. Watkins's case concerns deliberate indifference under the Fifth Amendment. *See* Dkt. 46 at 1. The Fifth Amendment is not at issue in this appeal. *See* Watkins Br. 22 n.3.

*Richardson*, 131 F.4th 613 (7th Cir. 2025) (ending analysis after concluding Eighth Amendment deliberate medical-indifference claim arose under *Carlson*); *Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023) (same with respect to Fourth Amendment and *Bivens*). Because Mr. Watkins's claims arise within an existing context, this Court need not conduct a special factors analysis, rendering *Goldey* inapposite.

This Court should apply the approach this Court endorsed in *Brooks* and *Snowden*, vacate the district court's dismissal, and remand for further proceedings.

Respectfully Submitted,

*/s/ Kendall T. Burchard*
Kendall T. Burchard

*Counsel for Plaintiff-Appellant Jordan Watkins*

cc: All counsel of record (via CM/ECF)